IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN MCGRATH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:22-435 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| AQUALIS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

**I.  MEMORANDUM**

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 24) will be denied.

Plaintiff has brought this lawsuit against his former employer, Aqualis ("Defendant"), alleging associational disability discrimination, age discrimination and retaliation in connection with Aqualis's termination of his employment as a field services manager in September 2021. Plaintiff was 57 years old at the time he filed his Complaint and is a single father to his young, low-functioning autistic son. Plaintiff's son's condition was known to Aqualis, who honored an arrangement its predecessor company had made providing Plaintiff with flexible working conditions so that he could care for him.  *See generally* Compl. (Doc. 1) ¶¶ 6-19; Pl. Statement of Mat. Facts ("CSMF") (Doc. 28) ¶¶ 1-26.

On summary judgment, Defendant argues that Plaintiff has failed to establish a *prima facie* case under the ADA or the ADEA because he was terminated "for cause" and, therefore, cannot show he was "qualified" for his position.  *See* Def. Br. (Doc. 25) at 8, 22.  Defendant further argues that Plaintiff cannot show that his employment was terminated "because of" his

son's disability or that he was replaced by a sufficiently younger individual.  *See id.* at 8-11, 22-23.  Even if Plaintiff could establish a *prima facie* case of discrimination, Defendant contends that Aqualis had legitimate, non-discriminatory reasons for terminating Plaintiff's employment (dishonesty and performance issues) and that Plaintiff cannot show that these reasons were pretextual.  *See id.* at 11-15, 23-24.

Viewing the record evidence in the light most favorable to Plaintiff, however, Defendant's arguments raise genuine issues of material fact, precluding summary judgment. *See, e.g.*, Pl. Resp. to Def. CSMF (Doc. 29) ¶¶ 8-9, 14-19, 31-33, 35-37, 39-42, 45-50 (citing deposition testimony, written discovery responses and documentary evidence disputing Defendant's account and demonstrating factual disputes relevant to both the *prima facie* case and pretext).  Significant among this evidence is the remark Plaintiff purports to have heard one of the decisionmakers (supervisor Jim Leamy) make at the end of a July 2021 Zoom call.  *See* Pl. CSMF ¶¶ 62-66 and record evidence cited therein.  Specifically, Plaintiff testified that Leamy, not realizing Plaintiff was still connected to the call, declared "I got rid of the old guy with the retard son," followed by "oh shit" before ending the call.  *Id.* ¶ 62  & Pl. App'x, Ex. 1 (McGrath testimony).  Another Aqualis employee on the call with Plaintiff corroborated this testimony.  *Id.* ¶¶ 63-64  & Pl. App'x, Ex. 2 (Seath Stonesifer testimony); *see also id.*¶¶ 59-61 & Pl. App'x, Ex. 1 (Plaintiff's testimony that Leamy had referred to him as the "old guy" on several other calls during their employment relationship).  Considering the content, timing and speaker of this statement, and viewing the facts in the light most favorable to Plaintiff, the Court cannot dismiss this comment as a mere "stray remark" unrelated to the termination decision.  Even if, as the parties claim, Leamy made this comment in the context of ending the phone call, the remarks, alone and in combination with the other evidence to which Plaintiff points, create genuine issues

of material fact as to Plaintiff's discrimination claims that are inappropriate for resolution on a summary judgment motion.

Defendant next contends that Plaintiff has failed to introduce sufficient evidence regarding retaliation. *See* Def. Br. at 15-20. Plaintiff's ability to withstand summary judgment on his discrimination claims, as a practical matter, renders a detailed discussion of the retaliation claims unnecessary. Briefly, however, to the extent Defendant's arguments mirror those advanced in connection with Plaintiff's discrimination claims (e.g., legitimate reasons and absence of pretext), those arguments fail for the same reasons set forth above. Furthermore, although the Court agrees that it cannot determine on the record before it exactly what Plaintiff reported to Michael Brewer on September 7, 2021, whether it amounted to protected activity and/or what the decisionmakers knew about that conversation, these questions involve quintessential credibility determinations and disputed issues of material fact unsuitable for resolution on summary judgment.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant's Motion for Summary Judgment (**Doc. 24**) is **DENIED**.

IT IS SO ORDERED.

September 26, 2023                                s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record